# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN FARIAS, | Case No. 1:14-cv-01950-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| Y. HICKS, et al., | |
| Defendants. | (Doc. 11) |

**Screening Order**

### I.  Screening Requirement and Standard

Plaintiff Martin Farias, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 8, 2014.  On January 14, 2015, Plaintiff filed a first amended complaint and on May 18, 2015, Plaintiff filed a second amended complaint.  Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Summary of Complaint**

Plaintiff, who is currently incarcerated at Pelican Bay State Prison in Crescent City, brings this action against Accounting Office Supervisor Y. Hicks; Associate Warden of Business Services T. Broussard; Chief Deputy Warden R. A. Groves; Captain and Appeals Coordinator J. Knight; Inmate Appeals Branch Staff Services Coordinator C. Hammond; Appeals Coordinators I. Alomari and T. Jackson; and Health Care Appeals Coordinator L. Ledford for violating for violating his rights under the Takings Clause of the Fifth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff's claims arise from the "illegal"

assessment of fees against his prison trust account in 2013 and 2014 while he was at California Correctional Institution in Tehachapi. (Doc. 11, 2nd Amend. Comp., p. 6.)

### 1. **$5.00 Fee for Health Care Visits**

Pursuant to Title 15 state prison regulations, "[i]nmates shall be charged and inmates shall pay a fee of five dollars ($5.00) for each inmate-initiated health care visit." Cal. Code Regs., tit. 15, §3354.2(c). This fee is "charged to the trust account of the inmate," but "[w]hen the inmate is without sufficient funds at the time for the charge, and remains without sufficient funds for 30 days after this time, the inmate shall not be charged for any remaining balance of the fee." Tit. 15, § 3354.2(c)(3). On October 3, 2013, Plaintiff was charged $0.06 for a dental copayment, which brought his trust account balance from $0.06 to $0.00. The charge was noted "10-3-13 DCP 9-5-13." (2nd Amend. Comp., p. 17.) On November 9, 2013, Plaintiff's trust account was charged $5.00 for a dental copay, which was noted "10/24/13 DCP 10/3/13." (*Id.*)

It is the second charge which is in dispute. Plaintiff had a dental filling on October 3, 2013, when he was indigent. (*Id.*, p. 31.) On November 9, 2013, a $100.00 deposit was made to Plaintiff's trust account. Plaintiff alleges that the subsequent $5.00 deduction made on November 9, 2013, occurred more than thirty days after his October 3, 2013, dental visit and pursuant to section 3354.2, he should not have been charged. (*Id.*)

Plaintiff filed a health care inmate appeal disputing the charge on January 14, 2014, after he received his trust account statement and discovered the charge. (*Id.*, p. 19.) The appeal was cancelled on January 15, 2014, by Defendant Ledford, who informed Plaintiff that trust account issues, including indigent status, are custody issues. (*Id.*, p. 21.) Plaintiff submitted an "Inmate Request for Interview" form to Defendant Ledford on January 16, 2014, stating that because the dental department charged him $5.00 in error, he was told to file a health care appeal. (*Id.*, p. 23.) Plaintiff was again told that his issue was his indigent status and he needed to file a non-health care appeal. (*Id.*) Plaintiff submitted another "Request for Interview" form on January 22, 2014, to Defendants Jackson and Alomari, non-health care appeals coordinators, and explained that his appeal had been rejected twice by the health care appeals office on the ground that he was appealing a custody issue so he was submitting it to them for processing. (*Id.*, p. 25.) Plaintiff

3

believes that his appeal was then forwarded to the health care appeals office by Defendants Jackson and Alomari because he received notice from the health care appeals office that his appeal had been assigned for a first-level review. (*Id.*, p. 27.)

Plaintiff was interviewed by Dr. Nakayama on January 31, 2014. (*Id.*, p. 29.) Dr. Nakayama assumed the $5.00 fee was charged for Plaintiff's October 3, 2013, visit and he denied Plaintiff's appeal. (*Id.*) Plaintiff alleges, however, that the charge was assessed more than thirty days after his October 3, 2013, appointment and was therefore "illegal" under the regulations. Plaintiff submitted his appeal for a second-level review on February 7, 2014, but it was again rejected by Defendant Ledford on the basis that it was a custody issue. On March 4, 2014, Plaintiff forwarded the appeal to Defendants Jackson and Alomari, and explained that it had been rejected by the health care appeals office. (*Id.*, p. 33.)

After some back-and-forth which Plaintiff alleges was harassing and an attempt to dissuade him from pursuing his appeal, Plaintiff was told to submit a new appeal, which he did. (*Id.*, pp. 38, 40.) On May 9, 2014, J. Wupperfeld interviewed Plaintiff and denied the appeal at the first level of review. (*Id.*, p. 45.) Wupperfeld stated that a copay obligation expires thirty days from the transaction date, not the appointment date, and the obligation for Plaintiff's dental visit was created on November 9, 2013, when Plaintiff had $45.00 in his trust account. (*Id.*) Plaintiff pursued the appeal to the second level of review, where it was addressed by Defendant Hicks. (*Id.*, p. 48-9.) Hicks denied the appeal and stated that an obligation was created on November 9, 2013, for an October 24, 2013, visit, which Plaintiff alleges was a lie. (*Id.*) Plaintiff alleges that Defendants Broussard and Groves had the opportunity to remedy the harm done to Plaintiff but they failed to do so and signed off on Hicks' appeal response. (*Id.*) The appeal was subsequently denied by Defendant J. Knight on September 22, 2014, in a decision which restated Hicks' decision from the second level. (*Id.*, pp. 53-4.)

### 2. **Fees for Law Library Services**

Plaintiff also disputes charges assessed against his trust account for law library services. During March 2014, Plaintiff had no funds in his trust account; and he made photocopies on March 5, 2014, and obtained legal mail services on March 10, 2014, and March 17, 2014. (*Id.*, p.

4

56.) On April 1, 2014, a $100.00 deposit was made to Plaintiff's trust account. On April 4, 2014, he was charged $1.50 for the copies made on March 5, 2014; and on April 7, 2014, he was charged $7.00 for legal mail expenses incurred on March 10, 2014, and $4.60 for legal mail expenses incurred on March 17, 2014 -- for a grand total of $13.10. (*Id.*)

Title 15 state prison regulations provide that "[a] charge shall not be placed against future deposits to the inmate's trust account to recover the cost of materials, copying and postage provide, while the inmate was indigent." Tit. 15, § 3138(h)(3). Plaintiff alleges that because he was indigent in March 2014 when he obtained copy and legal mail services, it was illegal to later charge him $13.10 against his future trust account deposit. Plaintiff filed an inmate appeal on April 17, 2014, and he was interviewed by Defendants Hicks on June 13, 2014. Plaintiff's appeal was "partially granted" but only in that "no illegal deductions were found." (2nd Amend. Comp., pp. 66-7.) Plaintiff was informed that "indigent status is measured upon the receipt and processing of Inmate Trust Account Withdrawal Form CDC 193's [sic] (ITAWO), for legal copies or legal mail, by the Inmate Trust Accounting Office. The Trust Restitution Accounting Computer System (TRACS) will not allow a transaction to post for legal copy or mail charges if the Appellant was indigent at the time the ITAWO is processed. Appellant was not indigent at the time the Inmate Trust Accounting Office (ITAO) received and processed the above legal copy and mail charges." (*Id.*)

Defendants Broussard and Groves allegedly failed to correct the situation at the second level of review, and Defendant Hammond denied Plaintiff's appeal at the third level of review. (*Id.*, pp. 69-70.)

**B. Deductions from Trust Account for Costs of Services**

**1. Due Process Claims**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel.*

5

*Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff alleges a claim under the Due Process Clause of the Fourteenth Amendment, which protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). "Due process protections extend only to deprivations of protected interests," *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70, 92 S.Ct. 2701 (1972)), and prisoners have a protected property interest in the funds in their prison trust accounts, *Shinault*, 782 F.3d at 1057 (citing *Quick v. Jones,* 754 F.2d 1521, 1523 (9th Cir. 1985)). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); *Quick*, 754 F.2d at 1524, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

Here, Plaintiff is challenging not state-authorized deductions for $5.00 medical co-payments or law library expenses incurred by non-indigent inmates, but the deductions made to his trust account in the violation of the state-authorized process articulated in prison regulations. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)); *Gardner v. Wilson*, 959 F.Supp. 1224, 1229 (C.D.Cal. 1997). Plaintiff alleges that the $5.00 copayment obligation for his October 3, 2013, dental visit expired thirty days later when he was indigent, and the fee was wrongfully deducted from his account more than thirty days later when he had funds. Plaintiff also alleges that the copy and legal mail costs should not have been charged against his future deposit, as he was indigent when

they were incurred. In both instances, the assessment of costs against his trust account was allegedly in violation of the prison regulations setting forth the processes for fee assessment. Tit. 15, §§ 3138(h)(3), 3354.2. A state agency "violates the Due Process Clause of the Fourteenth Amendment when it prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.'" *Greene*, 648 F.3d at 1019 (quoting *Vance*, 345 F.3d at 1090). Here, the trust account deductions forming the basis for Plaintiff's procedural due process claim were not authorized by the state; they were allegedly imposed by staff in direct contravention of the state's procedures governing such deductions, and therefore, they are not redressable under the federal Due Process Clause. *Hudson*, 468 U.S. at 533 ("The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligence conduct," and such a deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if" the state "provides a suitable postdeprivation remedy."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.").

### 2. Takings Claim

The Takings Clause of the Fifth Amendment, which is applicable to the states through the Due Process Clause, prohibits the government from taking private property for public use without just compensation. *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (quotation marks and citation omitted). The Takings Clause "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Vance*, 345 F.3d at 1089 (internal quotations and citation omitted). In this case, because Plaintiff's trust account funds were taken not for public use but for reimbursement of the cost of government services provided to Plaintiff, his takings claim fails as a matter of law. *See Ward*, 623 F.3d at 812-13 (Takings Clause not implicated where funds at issue being held for the plaintiff's own benefit); *Schneider v. California Dep't of Corrs.*, 345 F.3d 716, 720 (9th Cir. 2003) (appropriation of inmates' earned trust account interest was a taking where the earnings taken were allocated for a public use); *see also Vance*, 345 F.3d at 1089 ("'A reasonable user fee is not a taking if it is

imposed for the reimbursement of the cost of government services.'") (quoting *United States v. Sperry Corp.*, 493 U.S. 52, 63, 110 S.Ct. 387 (1989)).

### 3. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that Defendants Broussard and Groves violated his right to equal protection when they failed to rectify the financial wrong done to him by Defendant Hick when Hicks denied his appeal, and that the "illegal" taking of his money violates his rights. These allegations do not support a claim for violation of the Equal Protection Clause, and Plaintiff's second amended complaint is devoid of any other facts even suggestive of a viable equal protection claim.

### C. Responses to Inmate Appeals

Finally, Plaintiff may not hold prison officials liable under section 1983 because he disagrees with their responses to his inmate appeals or based on deficiencies with the process, real or perceived. The existence of an institutional administrative remedy process does not create any substantive rights and because Plaintiff lacks a protected interest with respect to his inmate

8

appeals, he cannot pursue a claim for denial of due process arising out of the handling or resolution of his appeals. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

### D.   Motion for Appointment of Counsel

In his complaint, Plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist, *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Here, the required exceptional circumstances are not present. The Court has determined that Plaintiff's claims are not cognizable under section 1983, and the deficiencies at issue are not related to Plaintiff's inability to adequately articulate his claims. *Palmer*, 560 F.3d at 970. To the contrary, Plaintiff is able to adequately articulate the bases for his claims -- which are not legally or factually complex. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. Therefore, Plaintiff's motion for the appointment of counsel is denied.

///

///

### III.     Conclusion and Order

Plaintiff's second amended complaint fails to state any claims for relief under section 1983. Based on the nature of the deficiencies, leave to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The bases for Plaintiff's claims are clear, but his constitutional rights were not violated by the events at issue and section 1983 provides no redress for prison officials' mere violation of state prison regulations. *See Nurre*, 580 F.3d at 1092 (section 1983 claims must be premised on violation of federal constitutional right); *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress) (quotation marks omitted).

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                              **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE